UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID. G. FORBES, *et al.,*

                                         **Plaintiffs,**

    -against-                                            07-CV-0039

NAMS INTERNATIONAL, INC., *et al.,*

                                          **Defendant.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I. INTRODUCTION**

      Plaintiffs move for reconsideration of this Court's August 17, 2007 Decision and Order [dkt. # 38] that affirmed the portion of Magistrate Judge's Peebles's June 21, 2007 Order that granted Defendants' motion to disqualify Plaintiffs' counsel, Ronald Benjamin, Esq. [dkt. # 27]. In the alternative, Plaintiffs ask the Court to certify the disqualification decision for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and allow disqualified counsel an opportunity to discuss with Plaintiffs a plan for going "forward with retaining new counsel." See Pltf. Mem. L. p. 3.

**II. STANDARD FOR REVIEW**

      "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by

> the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Polanco, 2000 WL 1346726 at *1 (quoting Schrader, 70 F.2d at 256) (Reargument is not a vehicle to "advance new facts, issues or arguments not previously presented to the court."). The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." Nowacki, 2001 WL 175239, at *1 (quoting In re C-TC 9th Avenue Partnership, 183 B.R. 1, 3 (N.D.N.Y. 1995)).

U.S. v. Li, 2006 WL 2375475, at *1 (N.D.N.Y. 2006).

### III. DISCUSSION

### a. Reconsideration

In support of their motion for reconsideration, Plaintiffs argue the Court "has created an irrebuttable presumption of disqualification, which, without requiring a showing of [a] 'substantial relationship,' is contrary to the law of this Circuit." Pltf. Mem. L. p. 3. In this regard, Plaintiffs argue that "Judge Peebles' order appears to confirm that the NAMS defendants did not show any relationship, let alone a substantial relationship," between the instant case and the prior litigation in which Attorney Benjamin represented NAMS. Id. p. 4. Plaintiffs further argue that "Judge Peebles' order focuses on the assumption of

2

relevant access as dispositive standing alone" on the disqualification determination. Id.

Plaintiffs merely attempt to take the "second bite at the apple" by reasserting their previous arguments. Sequa Corp., 156 F.3d at 144. On this ground, the motion should be denied.

Further, the argument borders on the frivolous. Magistrate Judge Peebles's Order **did not** ignore the requirement of a substantial relationship, and **did not** determine that access to confidential material "standing alone" was dispositive of the disqualification motion. Indeed, Magistrate Judge Peebles addressed the inter-relationship between the subject matter of the instant action and the previous action in which Attorney Benjamin represented NAMS ("the Spectra.Net litigation"), see 6/21/07 Order, pp. 4-7, cited the proper standard within this Circuit for disqualifying a party's choice of counsel, id. pp. 8-11,[1] and concluded:

> In this case, careful scrutiny of the available information regarding Attorney Benjamin's prior representation of NAMS and the issues in the current case suggest, at least facially, the appearance of an impropriety. **Without more, however, the mere appearance of impropriety is an insufficient basis to mandate disqualification**. [Hickman v. Burlington Bio-Medical Corp., 371 F. Supp. 2d 225, 229 (E.D.N.Y. 2005)].
>
> Proceeding to application of the specifics of the governing, three-part test, at

---

[1]Magistrate Judge Peebles wrote:

In this circuit, the nonconsensual disqualification of an attorney from representing a party adverse to a former client is appropriate when 1) the moving party is a former client; 2) there exists a substantial relationship between the subject matter of counsel's prior representation of the moving party and the issues raised in the pending case; and 3) the attorney in question had, or was likely to have had, access to relevant, privileged information during the course of that prior representation. [Hemstead Video, Inc. v. Incorporated Vill. of Valley Stream, 409 F.3d 127, 133 (2d Cir. 2005)](citing Evans v. Artek Sys. Corp., 715 2d 788, 791 (2d Cir. 1983)); Ehrich v. Binghamton City Sch. Dist., 210 F.R.D. 17, 24 (N.D.N.Y. 2002) (Sharpe, M.J.).

6/21/07 Order, pp. 8-9.

3

the outset I find – and no one questions this fact – that NAMS was previously represented by Attorney Benjamin. The true battleground lies in consideration of the second and third prongs of the disqualification algorythm which, at least to some degree, are substantially interrelated.

The information currently available to the court suggests that despite the passage of over eight years since Attorney Benjamin withdrew from representation of NAMS, **there is nonetheless a substantial interrelationship between the issues raised in the two cases and a high probability that during the course of his earlier representation of the company he had access to confidential communications enshrouded by the attorney-client privilege.** In its complaint in the Spectra.Net litigation, NAMS claimed to possess sensitive and trade secret information regarding the company's technology and business which was disclosed to and misappropriated by the defendant during the course of merger negotiations, with the assistance of former employees Wells and Sickler. In its preambulatory language, the complaint generally describes NAMS' business as well as the proprietary information allegedly misappropriated by Spectra.Net. NAMS's complaint goes on to assert that the confidential information disclosed was then utilized by Spectra.Net to solicit investments from venture capitalists. The complaint in that action not only alleges that such information was misappropriated for use in connection with solicitation of capital investment, but additionally avers that

> [a]s negotiations proceeded, Spectra.Net not only attempted to secure the intellectual properties owned solely by NAMS and the subject of a patent application, but made an effort to secure all future inventions that Gregorio Loveria may carry out, fully recognizing his genius for producing innovative cutting-edge technology that is so necessary to compete on the ever-changing Internet.

Defendants' Motion for Disqualification (Dkt. No. 10) at Exh. A ¶ 23.

The issues raised in this case bear striking similarities to those raised in the prior Spectra.Net litigation. At the heart of the present controversy is a claim by the plaintiffs that in soliciting investment in the company the principals of NAMS, including through statements contained within the controversial CPPM,[2] overstated its capabilities and technology. The information which

---

[2]As Magistrate Judge Peebles explained,

[i]n 2004, NAMS began actively to solicit new investors in the corporation, publishing a Confidential Private Placement Memorandum ("CPPM") announcing a private offering

(continued...)

4

> was imparted, or at a minimum readily available, to Attorney Benjamin by [NAMS's CEO] Loveria and others at NAMS during the course of his representation of that company in its litigation against Spectra.Net is directly linked and would undoubtedly provide useful, at least as a starting point, in discerning the capabilities of the company at the time of the offering at issue in this case. Access to and potential use of such information by Attorney Benjamin against his former client under these circumstances is something that simply cannot be countenanced by the court.
>
> This court is mindful of the fact that disqualification motions are often interjected for purely strategic reasons, including for the purpose of increasing the costs of litigation and causing delay. [Miroglio v. Morgan Fabrics Corp._,_ 340 F. Supp. 2d 510, 512 (S.D.N.Y. 2004)]. I have therefore granted the NAMS defendants' motion only after careful consideration, which has led me to conclude that the interest of fairness and the need to preserve the integrity of and public confidence in the judicial process overrides plaintiffs' choice of legal representation in this case.

Id. pp. 11-13 (emphasis added).

As is apparent, Magistrate Judge Peebles examined the allegations and facts underlying the two cases and determined that a substantial relationship existed between them. It escapes the Court how Plaintiffs can argue in good faith that, by affirming Magistrate Judge Peebles' Order, the Court "created an irrebuttable presumption of disqualification" that did not require a showing of a substantial relationship between the two cases. Plaintiffs' motion for reconsideration is denied.

---

[2](...continued)
commencing on March 30, 2004 at a price of $1.00 per share, with a specified minimum investment of $5,000. In that CPPM, which described the offering as "highly speculative", NAMS touted its new patent-pending technology aimed at eliminating losses suffered by members of the entertainment industry stemming from peer-to-peer sharing of copyright protected films and music files through use of the internet. As a result of that offering, what was later extended beyond the originally-specified end date, each of the plaintiffs invested monies, in varying amounts, in NAMS and acquired a corresponding number of non-voting shares.

6/21/07 Order, pp. 4-5.

**b.  Interlocutory Appeal**

Section 1292(b) of Title 28 of the United states Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

The Court is not of the opinion that the disqualification motion involves a controlling question of law as "to which there is substantial ground for difference of opinion." See Therefore, the motion to certify the disqualification decision for interlocutory appeal is denied.

**c.  Further Discussions between Counsel and Plaintiffs**

To the extent that Plaintiffs seek permission for Attorney Benjamin to discuss with Plaintiffs a plan for going "forward with retaining new counsel," the application is denied. The Court is not inclined to oversee the parameters of a disqualification order that it did not issue, or to advise Attorney Benjamin on his ethical obligations in these circumstances.  To the extent that Plaintiffs contend that there is a change in circumstances warranting a modification in the disqualification order, they are free to address the issue to Magistrate Judge Peebles.

**IV.    CONCLUSION**

For the reasons discussed above, Plaintiffs' motion [dkt. # 39] is, in all respects, **denied.**

**IT IS SO ORDERED**

DATED: September 20, 2007

Thomas J. McAvoy
Senior, U.S. District Judge